**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) Case No. 09-22621 HRT |
| | ) |
| ARCHANGEL DIAMOND CORPORATION, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

_____

**ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION**
_____

An amended plan of liquidation (the "Plan") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") was filed by Archangel Diamond Corporation, the above-captioned debtor and debtor-in-possession ("Debtor"), on November 4, 2009, and has been transmitted to creditors and equity security holders;

The Court having heard arguments and received evidence of offers of proof in support of confirmation of the Plan at a hearing on December 11, 2009 (the "Confirmation Hearing"); and

Based upon the Plan, the evidence or offers of proof submitted to the Court, the representations of Debtor and other parties-in-interest, and the record before the Court in this case,

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. The Court has jurisdiction and is empowered to enter a final and dispositive order pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L), and (O) and 1334.

2. There is good cause to confirm the Plan.

3. All parties-in-interest and known creditors of Debtor have received notice and have had an opportunity to appear at the Confirmation Hearing.

4. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

5. The Plan satisfies section 1122(a) of the Bankruptcy Code as the classification scheme is reasonable and necessary to implement the Plan, and each of the claims or interests within each particular class is substantially similar to the other claims or interests in such class;

6. The Plan satisfies section 1123(a) of the Bankruptcy Code as the Plan fully complies with each of the applicable requirements set forth therein.

7. The Plan satisfies section 1123(b) of the Bankruptcy Code as all provisions of the Plan are consistent with the permissive provisions that may be incorporated into a plan under section 1123(b) of the Bankruptcy Code.

8. The proponent of the Plan has complied with all applicable provisions of the Bankruptcy Code, including the requirements of section 1125 of the Bankruptcy Code in connection with disclosures and solicitation of acceptances of the Plan, and the proponents, therefore, have satisfied the confirmation requirement of section 1129(a)(2) of the Bankruptcy Code.

9. The Plan meets the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code as follows:

(a) The Plan complies with the applicable provisions of the Bankruptcy Code, and accordingly, the Plan satisfies the requirements of section 1129(a)(1) of the Bankruptcy Code;

(b) The proponent of the Plan complies with the applicable provisions of the Bankruptcy Code, and accordingly, the Plan satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code;

(c) The Plan has been proposed in good faith and not by any means forbidden by law because the Plan was proposed with a reasonable belief in the likelihood that the Plan would achieve its intended results, which are consistent with the purposes of the Bankruptcy Code, and accordingly, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code;

(d) The Plan provides that all fees and expenses incurred during the course of the chapter 11 proceedings remain subject to final review for reasonableness under section 330 of the Bankruptcy Code, and accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code;

(e) To the extent possible, the Plan discloses sufficient information on the Liquidating Trust, as successor to Debtor, and the identity of the Liquidating Trustee who will administer the Liquidating Trust, and such disclosure is consistent with the interests of creditors and equity security holders and public policy, and accordingly, the Plan satisfies the requirements of section 1129(a)(5)(A) of the Bankruptcy Code;

(f) Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan;

(g) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date[1] of the Plan, that is not less than the amount that such holder would receive or retain if Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date, and accordingly, the Plan satisfies the "best interests of creditors" test under section 1129(a)(7) of the Bankruptcy Code;

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

  (h) All impaired classes of claims or interests have voted to accept the Plan, and accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code;

  (i) The Plan provides that all allowed claims under sections 507(a)(2) and (3) are administrative claims to be paid in cash on the earlier of the Effective Date or when they become allowed claims, unless otherwise agreed by the holder of the Administrative Claim and Debtor or Liquidating Trustee, as applicable, and accordingly, the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code;

  (j) Subsections (B), (C), and (D) of section 1129(a)(9) of the Bankruptcy Code are inapplicable to the Plan;

  (k) As evidenced by the ballot report submitted by Debtor, the Plan has been accepted by at least one impaired class that does not include the claims of insiders, and accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code;

  (l) The Plan offers a reasonable prospect of success, and accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code;

  (m) The Plan provides that the filing fees and the United States Trustee fees listed in 28 U.S.C. § 1930 will be paid in full, and accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code;

  (n) Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan;

  (o) Section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Plan; and

  (p) Section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Plan.

  10. The Exit Facility provides Debtor, and after the Effective Date, the Liquidating Trust, with the post-Effective Date financing contemplated by the Plan and is critical to the success of the Plan. Based upon the record of this case, the Exit Facility has been negotiated in good faith and on an arms'-length basis and each party thereto may rely upon the provisions of this Confirmation Order in closing the Exit Facility. The financial accommodations to be extended pursuant to the Exit Facility are being extended in good faith, for legitimate business purposes and are fair and reasonable. The terms of the Exit Facility are fair and reasonable, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by equivalent value and fair consideration.

  11. The Court (a) has jurisdiction under sections 1334(a), (b) and (d) of title 28 of the United States Code to approve the injunction, exculpations, limitations of liability, and releases set forth in Article X of the Plan, and (b) has authority under Federal Rule of Bankruptcy Procedure 9019 to approve the compromise and settlement provisions of Article X of the Plan. Such provisions were prominently disclosed in the Plan, the Disclosure Statement, and the Ballots received by creditors and equity interest holders and no party-in-interest has objected to them. Moreover section 105(a) of the Bankruptcy Code and the case law promulgated

thereunder permit the issuance of the injunction and approval of the consensual releases set forth in Article X of the Plan, if, as has been established here, such provisions: (i) are essential to the formulation and implementation of the Plan, as provided in section 1123(a)(5) of the Bankruptcy Code; (ii) are important to the overall objectives of the Plan to finally resolve, except to the extent provided in the Plan, all claims among or against the major stakeholders in this case with respect to Debtor, (iii) confer substantial benefits to Debtor's estate; (iv) are fair and reasonable; and (v) are in the best interest of Debtor and its estate.  Based upon the record of this case and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the Court finds that the releases, limitations of liability, settlement and compromise, injunction, and exculpation provisions set forth in Article X of the Plan are consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code and applicable law.  All entities benefited by the releases, limitations of liability, settlement and compromise, injunction, and exculpation provisions set forth in Article X of the Plan have contributed and/or will contribute value to Debtor and its estate.  The failure to effect the releases, limitations of liability, settlement and compromise, injunction, and exculpation provisions set forth in Article X of the Plan would seriously impair Debtor's ability to confirm the Plan.

**WHEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

12. Debtor's Plan filed November 4, 2009 is CONFIRMED.

13. The terms of the Plan are hereby approved, incorporated herein, and made an order of the Court.

14. All creditors, equity holders, and parties-in-interest are hereby bound by the terms of the Plan and are enjoined from bringing any action or pursuing any attempts to collect from assets of Debtor except as provided by the Plan.

15. Debtor and its officers and directors are authorized to take or cause to be taken all actions necessary or appropriate to enter into, implement, and consummate the Plan, including but not limited to, the Liquidating Trust Documents or other documents created in connection with the Plan, including, but not limited to, the transfer of Debtor's Assets, including, but not limited to, the Colorado Litigation and proceeds thereof, to the Liquidating Trust.

16. The Liquidating Trust Documents are approved and Debtor is authorized to take all steps necessary to effectuate the creation and maintenance of the Liquidating Trust.

17. On the Effective Date of the Plan, all of Debtor's Assets, whether then held by Debtor or the Liquidating Trust shall be free and clear of all claims and interests of creditors or equity security holders, except as provided in the Plan.

18. Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security, or the making, delivery, filing, or recording of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

19. Debtor or the Liquidating Trust, as applicable, is authorized, but not required, to take all actions necessary or appropriate to apply for an order of recognition in Canada recognizing this Confirmation Order.

20. The Exit Facility is approved as being entered into in good faith and being critical to the success and feasibility of the Plan. The Liquidating Trust is authorized to enter into and perform and receive the proceeds of the Exit Facility and to execute and deliver and perform under the credit agreement, all other loan and security documents and agreements, instruments, certificates and other documents required to evidence or effectuate the Exit Facility without further act or action under applicable law, regulation, order or rule, or notice to or order or other approval of this Court, and without any or further vote, consent, authorization or approval of any Person, except as may otherwise be required by the terms of the Exit Facility, and upon such entry into the Exit Facility, Debtor is fully and completely released of its Obligations (as defined in the DIP Facility) under the DIP Facility. Debtor is authorized to execute the Exit Facility in its limited capacity as noted in the Notice of Commitment of Exit Lender to Fund Exit Facility (docket no. 115). The roll-up of the DIP Facility into the Exit Facility shall not constitute a preferential transfer or fraudulent conveyance under the Bankruptcy Code or any applicable non-bankruptcy law. After the Effective Date, the Exit Facility may be amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof but at all times consistent with the Exit Facility Term Sheet. Obligations under the Exit Facility shall constitute legal, valid, binding and authorized obligations of the Liquidating Trust, enforceable in accordance with the terms of the Exit Facility. The Exit Facility, the financial accommodations thereunder, and the transfers required thereby (including the grant of liens and security interests) shall not be subject to recharacterization for any purposes whatsoever, and shall not constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law. On the Effective Date, all of the liens and security interests to be granted in accordance with the Exit Facility (a) shall be deemed to be approved, (b) shall be legal, binding and enforceable liens on, and security interests in, the collateral granted thereunder in accordance with the terms of the Exit Facility, (c) shall be deemed perfected on the Effective Date and (d) shall not be subject to recharacterization or equitable subordination for any purposes whatsoever and shall not constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law. The Liquidating Trust, and the persons and entities granting such liens and security interests are authorized to make all filings and recordings, and to obtain all governmental approvals and consents necessary to establish and perfect such liens and security interests under the provisions of the applicable state, provincial, federal or other law (whether domestic or foreign) that would be applicable in the absence of this Confirmation Order. All fees, costs and expenses paid or to be paid by the Liquidating Trust in connection with the Exit Facility are hereby approved.

21. Without limiting or diminishing any other provision of the Plan, the compromise and settlement, the injunction, exculpations, limitations of liability, and releases contained in Article X of the Plan are approved in their entirety.

22. As of the Confirmation Hearing for the Plan, the Colorado Litigation had been removed to the United States District Court for the District of Colorado and referred to the Bankruptcy Court pursuant to the Bankruptcy Code and the Bankruptcy Rules. The Colorado Litigation is now before the Bankruptcy Court and is captioned Archangel Diamond Corporation v. OAO Lukoil, Adversary Proceeding No. 09-1755 HRT. Confirmation of Debtor's Plan does not affect Lukoil's, Debtor's, or any other party's rights with regard to (i) the Court's jurisdiction over Lukoil or (ii) the final venue for the Colorado Litigation. Lukoil's rights to object to the

Bankruptcy Court's jurisdiction over Lukoil or otherwise seek remand or abstention with respect to the Colorado Litigation are reserved.

23. The failure to reference or discuss any particular provision of the Plan herein shall have no effect on the validity, binding effect, and enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan;

24. If any provision hereof is hereafter modified, vacated, or reversed by order of this Court or any other court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to receipt by Debtor or the Liquidating Trust of written notice of any such order, and nor shall such reversal, modification, or vacation hereof affect the validity or enforceability of such obligations.

25. Notwithstanding any reversal, modification, or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance on this Confirmation Order prior to the effective date of such reversal, modification, or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

26. Notwithstanding the entry of this Confirmation Order confirming the Plan, the Court shall retain jurisdiction to facilitate the performance of the Plan by entering any further necessary orders regarding interpretation or enforcement of the Plan, and as specifically set forth in the Plan.

27. In the event of any conflict between the terms of this Confirmation Order and the Plan, the terms of this Confirmation Order shall control.

28. Notwithstanding Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, this Confirmation Order shall be immediately effective, subject to the terms and conditions of the Plan.

DATED: December 17, 2009
Denver, Colorado

_____
United States Bankruptcy Judge